ROY NOBLE LEE, Justice,
dissenting:
I think that, when all the instructions, both for the appellant and appellee, are read together, the jury was properly instructed, could not have been confused, and the Instruction D-12 did not constitute reversible error. Therefore, I dissent from the majority opinion.
The declaration pleads Sections 23-29, 23 — 10 and 23-41 of the Code of Ordinances of the City of Meridian, Mississippi, which (1) makes it the duty of the operator of any vehicle to keep the vehicle under constant control and (2) the duty of the operator of any vehicle to keep a watch for other vehicles and pedestrians and to proceed with care and caution to avoid colliding with other vehicles and pedestrians.
In furtherance thereof, the declaration charged appellee with the duty to keep his vehicle under free and easy control; to obey the traffic laws and rules of the road; to keep and maintain a reasonable lookout for other traffic and pedestrians using the street; to refrain from operating his vehicle at a fast, reckless and dangerous speed under the conditions and circumstances then existing; and charged that the appellee violated those duties owed to the appellant.
The appellee answered the declaration with a general denial of the allegations of negligence and stated as an affirmative defense that the appellant was crossing Eighth Street in the City of Meridian, Mississippi, at a place that was not marked for crossing by pedestrians, but was located in the center of the block; that appellant had the duty to yield the right-of-way to vehicles traveling on Eighth Street, but breached said duty and did not yield the right-of- *546 way to appellee’s vehicle as she negligently crossed Eighth Street in disregard for her own safety, failing to heed the flow of vehicular traffic at said time and place; and that such negligence of the appellant was the sole proximate cause of the accident.
The evidence is practically without contradiction. The weather was rainy and the night was dark; appellant was a black woman dressed in dark clothing; she was crossing Eighth Street in the middle of the block at a point where there was no marked crossing; she was looking, down at her feet and did not look up to observe approaching traffic until she was struck; the appellee, accompanied by his wife, was driving in the outside lane of four-lane Eighth Street at a speed of not more than 20 mph; traffic was flowing in both directions on Eighth Street; appellee did not see appellant until she crossed the broken line into his lane of traffic at which time he was only 30 feet from her; appellee applied his brakes, skidded on the wet pavement, and struck appellant with the right front of the automobile.
The question and answer as to appellee’s keeping a lookout follow:
Q. All right, sir. Do you know why you didn’t see her when she was out in the center of the street?
A. The only thing I could think of was because of the rain. My windshield wipers were going. She was wearing all dark clothing and she was probably literally invisible to me at that time.
* * ⅜: ⅜ :⅜ ⅞:
A. The only reason I couldn’t see her, as far as I could tell, because of the dark clothing, because of the rain; and that’s the only explanation I could give you.
The instruction upon which the majority reverses the judgment of the lower court follows:
INSTRUCTION NO. D-12
The Court instructs the jury that a pedestrian crossing a street at any point other than within a marked crosswalk, or within an unmarked crosswalk at an intersection has the duty to yield the right-of-way to all vehicles operating on the road. If you find from a preponderance of the evidence in this case that the plaintiff, Dineah Mae Ross, was at the time of the accident complained of, walking across 8th Street at a place other than an intersection or marked crosswalk and that she failed to yield the right-of-way to the vehicle driven by the defendant, David Miller, as it travelled 8th Street and that such failure, if any, was the sole proximate cause of the accident complained of then it is your sworn duty to return a verdict for the defendant.
The first part of the instruction follows word-for-word Mississippi Code Annotated § 63-3-1105(1) (Supp.1983) which states the following:
(1) Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway.
It is undisputed that the appellant violated that section of the statute and, if under the facts and circumstances failure to yield the right-of-way and walk into the path of an approaching vehicle was the sole proximate cause of the accident and her injuries, then she was not entitled to recover. The jury believed that theory presented by ap-pellee’s case and returned a verdict for ap-pellee.
Pertinent instructions for appellant appear in the Appendix.
Instruction P-2A told the jury that appellant had the right to use Eighth Street in order to cross the street so long as she used reasonable care in doing so, and that her right to walk upon the street was equal to the rights of persons operating motor vehicles upon the street.
Instruction P-3 is a wide open instruction and gave plaintiff the benefit of any kind of negligence, even negligence not charged in the declaration.
*547 Instruction P-4 told the jury that it was the duty of the appellee to drive at a reasonable rate of speed under the circumstances then existing, to keep a reasonable lookout, to keep his vehicle under reasonable and easy control, and, if the appellee failed to perform or discharge any of those duties, it constituted negligence, and the jury should return a verdict for the appellant.
Parties to a lawsuit have the right to present their different theories of liability to the jury contained in instructions which they request from the court without being required to state the theory, case, or defense of the opposite party. In the present case, the appellant (plaintiff) presented her theory of liability to the jury without stating the appellee’s (defendant) case in those instructions. Likewise, the appellee was entitled to state his affirmative defense to the jury, viz, that a person attired in dark clothing on a dark rainy night was crossing the street in the middle of the block and not at a crosswalk, and under those conditions, was invisible to motorists using the street and that as a result thereof the accident’s sole proximate cause was the negligence of the appellant.
In my opinion, the facts of the case were put squarely to the jury, which heard the witnesses, observed their demeanor, and found that her negligence was the sole proximate cause of the accident. I would not reverse or disturb the verdict of the jury and, therefore, I respectfully dissent from the majority opinion.
WALKER and BROOM, P.JJ., join in this dissent.
APPENDIX
INSTRUCTION NO. P-2A
The Court instructs the jury that Dineah Mae Ross had the right to use 8th Street in the City of Meridian in order to cross the street, so long as she used reasonable care in so doing and if you believe she was exercising reasonable care when crossing said street, then her right to walk upon said street were [sic] equal to the rights of persons operating motor vehicles upon the street.
INSTRUCTION NO. P-3
The Court instructs the jury that the defendant, David Miller, was under a duty to operate his automobile in a reasonable and prudent manner and to exercise reasonable care for the safety of the plaintiff, as well as for the safety of others using the streets, and if you find from a preponderance of the evidence that the defendant, David Miller, failed in his duty, then you may charge him with negligence, and if you believe by a preponderance of the evidence that the defendant was negligent and that such negligence, if any, proximately caused or contributed to the injuries, sustained by the plaintiff, then it is your sworn duty to return a verdict for the plaintiff against the defendant, David Miller.
INSTRUCTION NO. P-4
The Court instructs the jury that it was the duty of the defendant, David Miller, in operating his vehicle to drive at a reasonable rate of speed under the circumstances then existing. It was also the duty of David Miller to keep a reasonable lookout in front of and to the sides of his moving vehicle, and it was his duty to keep his vehicle under reasonable and easy control with the ability to stop readily and easily and to anticipate and expect the presence of others using the street at the time. If you believe from a preponderance of the evidence that David Miller failed to perform and discharge any of these duties, then that would constitute negligence, and if you believe by a preponderance of the evidence that he was negligent and that such negligence proximately caused or contributed to the injuries, if any, sustained by the plaintiff, then it is your sworn duty to return a verdict for the plaintiff against the defendant, David Miller.